# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 13, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**MARK P. HUDGINS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0498**  (BOR Appeal No. 2046506)
(Claim No. 940049460)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BAILEY ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark P. Hudgins, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 23, 2012, in which the Board reversed a September 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 12, 2010, decision which authorized the medications Lorcet and Percocet for three months under a weaning and tapering program and three office visits per year. The Office of Judges granted the medication without a weaning program. Additionally, the Office of Judges reversed the claims administrator's December 20, 2010, decision denying authorization for Percocet and Lortab. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hudgins worked as a coal miner for Bailey Energy, Inc. He suffered a serious injury to his back, hips, and legs on April 11, 1994, which was held compensable. Soon after his injury, Mr. Hudgins came under the care of Dr. Kropac. Although Mr. Hudgins was found to have reached the maximum degree of medical improvement, he continued to have chronic pain in his low back wrapping around his groin and down his right and left lower extremities. Dr. Kropac diagnosed Mr. Hudgins with a lumbar disc herniation with radiculitis and prescribed Lortab and Percocet for his continuing pain. But on May 20, 2010, Dr. Landis found that it was not reasonable to continue to treat Mr. Hudgins's condition with high potency drugs. Dr. Landis recommended weaning Mr. Hudgins off narcotics but indicated that he should continue to receive ongoing maintenance therapy. Dr. Landis suggested that Mr. Hudgins should be treated with non-steroid anti-inflammatory medications and a muscle relaxer. On August 12, 2010, the claims administrator authorized a three month prescription for Lorcet and Percocet under a wean and taper program, based on Dr. Landis's report. The claims administrator also authorized three office visits per year with Dr. Kropac.

Then, on December 20, 2010, the claims administrator denied Mr. Hudgins's request for the prescriptive drugs Lortab and Percocet. Following these decisions, Dr. Kropac was deposed and he opined that any decrease in the prescribed medications would increase Mr. Hudgins's pain. Dr. Kropac stated that he had previously tried to wean Mr. Hudgins from the requested medications without success. He also stated that he monitored Mr. Hudgins's use of the medications. On September 28, 2011, the Office of Judges affirmed in part and reversed in part the claims administrator's August 12, 2010, decision. The Office of Judges granted authorization for Lorcet and Percocet without a weaning period. The Office of Judges affirmed the claims administrator's authorization of three office visits per year with Dr. Kropac. The Office of Judges also reversed the claims administrator's December 20, 2010, decision. But the Board of Review reversed the Order of the Office of Judges on March 23, 2012, leading Mr. Hudgins to appeal.

The Office of Judges concluded that the evidence established the medical necessity and reasonableness of Mr. Hudgins receiving the prescriptive drugs Lorcet, Lortab, and Percocet without a weaning and tapering process. In making this determination, the Office of Judges considered Dr. Landis's report but found that Dr. Kropac was in a better position to determine what medications would best suit Mr. Hudgins's treatment needs.

The Board of Review reversed the Order of the Office of Judges and concluded that continuation of the requested narcotic medications was not medically necessary and reasonably required to treat Mr. Hudgins's April 11, 1994, injury. The Board of Review found that Mr. Hudgins's treatment with the requested narcotics exceeds the time limits set out in West Virginia Code of State Rules § 85-20-53 (2006) and that Mr. Hudgins had not provided the documentation required to justify prescription of the narcotics beyond those time limits.

We agree with the conclusions of the Board of Review. Mr. Hudgins has not demonstrated that the continuing prescription of the requested medication is reasonably related and medically necessary to treat his compensable injury. The requested medications are controlled substances with potential for abuse. The continuing prescription of these medications is limited under West Virginia Code of State Rules § 85-20-53.14 (2006). This is not an extraordinary case where the continued prescription of these medications would be justified beyond the regulatory time limits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 13, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum